# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

ALVIN D. SHAVER, )
)
     *Petitioner*, )
)
v. )
)
SHAWN PHILLIPS, )
)
     *Respondent*. )

Case No. 3:25-cv-448

Judge Atchley

Magistrate Judge McCook

## MEMORANDUM OPINION AND ORDER

Petitioner, a state prisoner, filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2254 challenging his 1996 Cocke and Greene County homicide convictions by asserting that the Tennessee statute underlying the convictions did not comply with the enactment clause, and that his counsel was ineffective for not raising such a claim prior to Petitioner pleading guilty.[1] [Docs. 1, 1-1]. Now before the Court are (1) Respondent's motion to dismiss the petition as time-barred, among other things [Doc. 7], in support of which he filed a portion of the state court record [Doc. 6] and a memorandum [Doc. 8], and (2) Respondent's motion to waive the requirement that he file the entire state court record [Doc. 9]. Petitioner filed a response in opposition to the motions. [Doc. 10]. For the reasons set forth below, Respondent's motion to waive the requirement that he file the entire state court record [Doc. 9] will be **GRANTED**. Also, as the Court finds the § 2254 petition is untimely,[2] Respondent's motion to dismiss the petition [Doc. 7] will be **GRANTED**, and this action will be **DISMISSED**.

---

[1] While Petitioner sets forth ten "grounds" for relief under § 2254, the main substance of his claims is that the homicide statute did not comply with the enactment clause [Doc. 1-1].

[2] Because the Court agrees with Respondent that the petition is untimely, it does not reach Respondent's other arguments for dismissal of the petition.

## I.  STATE COURT RECORD

Respondent filed a motion to waive the requirement for him to file the entire state court record indicating that—as Petitioner did not file a direct appeal of his convictions—no record was compiled for direct review, and Respondent has therefore filed only the technical record for Petitioner's 2024 state habeas corpus proceeding. [Doc. 9]. Petitioner opposes this request by stating that the Court cannot resolve the merits of Respondent's motion to dismiss without the full record, as the full record would establish when the relevant judgments against Petitioner became final and both the substance and the timing of Petitioner's collateral filings [Doc. 10 at 3–4].

But the record herein clearly establishes, and Petitioner does not dispute, that (1) the relevant judgments of conviction against him were entered on December 20, 1996; (2) Petitioner did not file a direct appeal of those convictions; and (3) Petitioner filed his state habeas corpus petition, which is his only collateral challenge of these convictions, on July 16, 2024. [*See* Doc. 1 at 1–2; Doc. 6-1 p. 6, 8, 10–11]. And the Court does not need any further dates or information to conclusively find that the § 2254 petition is untimely.

Accordingly, Respondent's motion to waive the requirement for him to file the entire state court record [Doc. 9] is **GRANTED**.

## II.  MOTION TO DISMISS

### A.  Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq*., provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute states in relevant part as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--

2

(A) the date on which the judgment became final by the conclusion of direct review . . . . or

\*        \*        \*

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## B.        Background

On December 20, 1996, Petitioner pled guilty to one count of homicide from Cocke County and one count of homicide from Greene County. [Doc. 6-1 at 6]. Petitioner did not appeal these convictions. [*Id.*]. On July 16, 2024, Petitioner filed a state court petition for habeas corpus relief regarding his convictions [Doc. 6-1 at 5–8]. On August 19, 2025, Petitioner filed the instant petition for relief under § 2254. [Doc. 1 at 15].

## C.        Analysis

The record demonstrates that Petitioner's § 2254 petition is untimely. As Petitioner did not file an appeal regarding his convictions within the thirty days in which he could have done so under Tennessee law, *see* TENN. R. APP. P. 4(a), the AEDPA statute of limitations began to run on January 22, 1997, when his time to file any such appeal expired. *See, e.g., Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing TENN. R. APP. P. 4(a)) (providing that where the Tennessee habeas corpus petitioner did not pursue a direct appeal, his state court conviction was deemed "final" when the thirty-day time-period in which he could have done so ended). The AEDPA's one-year statute of limitations then expired on January 22, 1998, without Petitioner filing any state or federal challenge to his convictions.

As set forth above, more than twenty-six years after the AEDPA statute of limitations had expired, specifically on July 16, 2024, Petitioner filed a state court petition for habeas corpus relief

3

regarding his convictions. [*See* Doc. 6-1 at 5–8]. Petitioner relies on this filing to assert that his § 2254 petition, which he filed on August 25, 2025, is timely. [Doc. 10 at 4]. However, this filing had no effect on the long-expired AEDPA statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run") (citation omitted). Moreover, it is apparent that, if he had exercised due diligence, Petitioner could have discovered his claims, all of which rely on his assertion that the statute underlying his convictions failed to comply with the enactment clause, more than a year before he filed this action. As a result, the petition is not timely under § 2241(d)(1)(D). Accordingly, Petitioner's § 2254 petition, which he filed more than twenty-seven years after the AEDPA's statute of limitations expired, is untimely.

But the statute of limitations is not jurisdictional, as the Court can equitably toll the statute of limitations if Petitioner demonstrates that despite him diligently pursuing his rights, an extraordinary circumstance kept him from timely seeking federal habeas corpus relief. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (providing that equitable tolling is warranted where a petitioner shows that he diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing his petition). However, federal courts apply equitable tolling sparingly. *Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

In his petition and response to Respondent's motions, Petitioner makes various attempts to explain why he did not file his petition earlier. Specifically, in his petition, Petitioner claims that he learned of his claims from other inmates on an unspecified date, that he is illiterate and has no

4

legal training, and that he immediately sought inmate legal assistance after learning of his claims, as he could not pay an attorney or find "pro bono assistance." [Doc. 1-1 p. 26–27].[3] Additionally, in his response in opposition to Respondent's motions, Petitioner states that:

> Petitioner was hampered in his access to the Courts for years trying to dodge the attempts on his life by his charge partner and that crew, plus the inadequate resources in the prison system for the past 70s-2000 time was directed more to survival and mental sanity than his condition now wherein the right to life is more sacrosanct and environmental influences are less corrupt and diabolic. Given the massive need for legal assistance and the paucity of resources, [Petitioner] believes the wise Court will acknowledge his limited resources to research and help himself gain meaningful access to the courts until recently, and he still needed the assistance of an inmate prisoner as he is unable to access the courts on his own behalf.

> Petitioner further submits that barriers to court access and limited resources have impeded his ability to litigate without assistance.

[Doc. 10 p. 5–6].

But Petitioner's allegations regarding his alleged illiteracy, lack of legal knowledge, and inmate legal assistance are not sufficient to entitle him to equitable tolling, as "an inmate's lack of legal training, his poor education, [and] even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *see also Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."). And Petitioner's general and conclusory statements about prison circumstances and attempts on his life on unspecified dates are likewise insufficient to allow the Court to find that this is an extraordinary case where Petitioner may be entitled to equitable tolling of the statute of limitations for more than twenty-seven years.

---

[3] While Petitioner appears to rely on these assertions to excuse his procedural default of his claims, [*see* Doc. 1-1 at 26–27], to the extent that he also relies on them as grounds for equitable tolling of the statute of limitations, they are unpersuasive for the reasons set forth herein.

Accordingly, Petitioner is not entitled to equitable tolling, and Respondent's motion to dismiss the petition [Doc. 7] will be **GRANTED**.

## III.   CERTIFICATE OF APPEALABILITY

The Court now must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a district court should issue a COA only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

## IV.   CONCLUSION

For the reasons set forth above:

1. Respondent's motion to waive the requirement for him to file the entire state court record [Doc. 9] is **GRANTED**;

2. Respondent's motion to dismiss the petition [Doc. 7] is **GRANTED**;

3. A COA will not issue;

4. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. FED. R. APP. P. 24(a);

5. This action will be **DISMISSED**; and

6. An appropriate Judgment Order will enter.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

7